**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrell Beauford Ellis,<br><br>           Plaintiff,<br><br>v.<br><br>PennyMac Loan Services LLC,<br><br>           Defendant. | No. CV-25-00677-TUC-JGZ<br><br>**ORDER** |

On December 8, 2025, pro se Plaintiff Darrell Beauford Ellis filed a Complaint. (Doc. 1.) Plaintiff has paid the filing fee and served Defendant. (Docs. 2, 3, 4.) Upon review of Plaintiff's Complaint, the Court concludes it lacks jurisdiction and must dismiss the Complaint.

**I.     Plaintiff's Complaint**

Plaintiff brings this action challenging the accuracy and validity of various mortgage-related documents associated with his home loan. Plaintiff alleges that he originally executed a Promissory Note naming Wyndham Capital Mortgage, Inc. as the lender, and that the Note contains no endorsements, allonges, or markings indicating that it was ever negotiated or transferred to any other entity. (Doc. 1 ¶ 11.) Plaintiff likewise executed a Deed of Trust listing Wyndham Capital Mortgage, Inc. as beneficiary, and alleges that county land records reflect no Assignment of Deed of Trust at any point after origination. (*Id.* at ¶ 12.)

Plaintiff later entered into a Loan Modification Agreement identifying PennyMac Loan Services, LLC as "Lender," despite the absence of any documentation showing that PennyMac acquired the Note or beneficial interest in the Deed of Trust. (*Id.* at ¶ 13.) Plaintiff states that after reviewing the Note, Deed of Trust, modified loan documents, and publicly available land records, he observed inconsistencies relating to the identity of the lender, beneficiary, servicer, and any party asserting ownership or enforcement rights under the loan. (*Id.* at ¶ 14.)

Plaintiff relies in part on the Office of the Comptroller of the Currency ("OCC") Asset Securitization Manual, which he states describes documentation standards for mortgage transfers and securitizations. (*Id.* at ¶¶ 15–19.) Plaintiff compares the OCC standards to a third-party "Mortgage Audit" he obtained, which allegedly identifies several contradictions and "document gaps" relating to his loan. According to Plaintiff, the audit concludes that the Note was associated with "Ginnie Mae REMIC Trust 2021-116," although neither the Note nor the Deed of Trust reflects endorsements or assignments supporting such a transfer. (*Id.* at ¶¶ 21–24.)

The Complaint further alleges discrepancies between county land records and the MERS system, asserting that the MERS database lists an investor and servicer that do not correspond to recorded instruments. (*Id.* at ¶ 26.) Plaintiff states that no custodial records, loan schedules, or transfer receipts exist to document conveyance of the Note into any trust, including the Ginnie Mae REMIC trust identified in the audit. (*Id.* at ¶¶ 27–28.)

Plaintiff summarizes these issues as demonstrating the absence of a verifiable chain of title connecting the original lender to any entity presently claiming rights under the loan. (*Id.* at ¶¶ 29–33.) He further asserts that public land records, securitization data, and servicing records identify different entities in key roles without any documentation establishing how or when those entities acquired an interest in the Note or Deed of Trust. (*Id.* at ¶¶ 34–39.) Based on these alleged contradictions, Plaintiff brings claims for declaratory relief, cancellation of instruments, and injunctive relief. (*Id.* at ¶¶ 40–52.) He seeks a judicial declaration identifying the entity legally entitled to enforce the Note and

Deed of Trust; cancellation of any instruments he believes to be unsupported by a valid chain of title; and an injunction preventing PennyMac from enforcing the loan until these issues are resolved. (*Id.* at ¶ 52.)

Federal courts are courts of limited jurisdiction and may only adjudicate those cases over which they have subject matter jurisdiction—cases involving diversity of citizenship or a federal question. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994). Where there is neither diversity nor an alleged violation of federal law, this Court has no jurisdiction and must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[C]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Here, Plaintiff fails to allege any facts establishing federal question jurisdiction. Although he cites the Declaratory Judgment Act, that Act does not itself confer jurisdiction. *See Staacke v. U.S. Sec'y of Lab.*, 841 F.2d 278, 280 (9th Cir. 1988). The Complaint does not identify any federal statute or constitutional provision that Defendant is alleged to have violated, and Plaintiff's references to OCC guidelines and MERS data do not create a private right of action or independently establish federal question jurisdiction. *See* Sav*e Our Valley v. Sound Transit*, 335 F.3d 932, 939 (9th Cir. 2003); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043–44 (9th Cir. 2011). Plaintiff also does not allege when the inconsistencies occurred, how they caused him injury, or what conduct by Defendant created a justiciable federal controversy.

Plaintiff also fails to establish diversity jurisdiction. Although he alleges that he resides in Arizona and that PennyMac Loan Services, LLC has its principal place of business in California (Doc. 1 at ¶¶ 8–9), an LLC's citizenship is determined by the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff does not identify the citizenship of any of PennyMac's members, nor does he allege the amount in controversy as required by 28 U.S.C. §

1332(a). Without these allegations, the Court cannot conclude that diversity jurisdiction exists.

**II.     Filing an Amended Complaint**

Within 30 days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The court-approved general civil complaint form is attached to this Order and available on the Court website (the form is titled "Complaint for a Civil Case"). Alternatively, Plaintiff may use the Court's "Create a New Complaint: Electronic Pro Se (E-Pro Se) Program" available on the Court's website at https://publicapps.azd.uscourts.gov/eprose or seek assistance from Step Up to Justice, a free legal clinic.[1]

Plaintiff must clearly designate on the face of the document that it is the "first amended complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form or by using the E-Pro Se online program, and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

In an amended complaint, Plaintiff must allege a cognizable legal theory, identify the statutory or constitutional basis for each cause of action, state facts showing each defendant's involvement in the wrongful acts alleged, and explain how the alleged documentary inconsistencies give rise to a claim within the Court's jurisdiction. As currently drafted, the Complaint does not provide sufficient factual detail to determine who took what actions, when those actions occurred, or whether the asserted claims are properly before the Court.

---

[1] The Clerk of Court sent Plaintiff the Notice to Pro-Se Non-Prisoner Parties Representing Themselves, the Court's Notice to Self-Represented Litigant, and the Step Up to Justice flyer for Free Civil Legal Help. (Doc. 3.) The Plaintiff is advised the resources available to self-represented parties are listed on the District Court website: https://www.azd.uscourts.gov/proceeding-without-attorney-0. That webpage also contains A Handbook for Self-Represented Litigants, https://publicapps.azd.uscourts.gov/prose-survey/, as well as the Federal Rules of Civil Procedure and Local Rules of Practice for the District of Arizona (also known as the Local Rules of Civil Procedure, or LRCiv).

In addition to alleging facts to support federal jurisdiction, the Amended Complaint must comport with Rule 8 of the Federal Rules of Civil Procedure which provides that the pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to prevent vague and ambiguous claims and ensure that defendants will be able to frame a responsive pleading.

In drafting the Amended Complaint, the Plaintiff must include sufficient factual details so that this Court can determine each claim existing against each Defendant. The Plaintiff must refer by name to particular Defendants, whenever possible, in the body of the Amended Complaint, so that it is possible to determine which Defendant is being charged with responsibility for each particular grievance. *See Jackson v. Nelson*, 405 F.2d 872, 873 (9th Cir. 1968).

Plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At the pleading stage, the Plaintiff must allege enough facts, if taken as true, to suggest that a claim exists. This does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the claim. *Id.* at 555–556. "[F]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Id.*

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989). After amendment, the Court will treat the original Complaint as nonexistent. *See Ferdik*, 963 F.2d at 1262.

**III.   Warnings**

Address Changes

If Plaintiff moves residences, he must file a notice of a change of address in

accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

<u>Possible Dismissal</u>

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly,

**IT IS ORDERED**:

(1) the Complaint (Doc. 1) is **dismissed** *sua sponte*.

(2) Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(3) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

Dated this 15th day of December, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge